The appeal is therefore dismissed.

---

ST. LOUIS, B. & M. RY. CO. v. DRODDY.

(Court of Civil Appeals of Texas. Dec. 7, 1910.)

1. TRIAL (§ 256*)—INSTRUCTION—REQUESTS—NECESSITY.

Where an instruction is not erroneous, but merely lacks completeness, a party complaining must request a charge supplying the deficiencies.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

2. NEGLIGENCE (§ 139*)—INSTRUCTIONS.

Where the court made the liability of a defendant depend on the want of ordinary care, which was adequately defined, that the charge did not completely define negligence was not error.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 371–377; Dec. Dig. § 139.*]

3. NEGLIGENCE (§ 134*) — PROOF — CIRCUMSTANTIAL EVIDENCE.

Negligence may be proved by circumstantial evidence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 272; Dec. Dig. § 134.*]

4. EVIDENCE (§ 113*) — VALUE — MARKET VALUE.

While a single sale of a chattel may not make a market, it does not require any great number to give market value to similar chattels in a specified locality.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

Appeal from Refugio County Court; W. L. Rea, Judge.

Action by S. A. Droddy against the St. Louis, Brownsville & Mexico Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Claude Pollard, R. J. McMillan, and C. M. Robards, for appellant. Fly & Daniel, for appellee.

FLY, J. This is a suit by appellee to recover the value of a mare killed at a crossing by a locomotive belonging to appellant. A trial with a jury resulted in a verdict and judgment in favor of appellee for $500. This is a second·appeal. 114 S. W. 902.

The mare was killed through the negligence of appellant, and this is not questioned in the brief; the appeal being based on the alleged failure to prove a market value of the animal, and supposed errors in the charge, and the admission of the testimony which was offered to prove market value.

The court gave a definition of ordinary care, to which no objection is urged, and instructed the jury that, unless the evidence showed that there was a lack of ordinary care on the part of the employés of appellant in operating its locomotive and train, and that the striking of the animal was due alone to such want of ordinary care, they must find for appellant. This was followed by a definition of negligence which, while not a full and complete definition, is not essentially erroneous. It may be, as stated by appellant, that the charge, "when boiled down," amounted to nothing but a statement that "negligence in law is negligence," but if so, appellant should have requested an instruction supplying the deficiencies in the instruction. There is no vice in the charge, and it was undoubtedly harmless. The statement that the charge told the jury nothing is inconsistent with the claim that "the fact that the incorrect definition as given by the court was harmful to·this appellant cannot be successfully disputed," and the statement immediately following the last, that "the jury were left without any definition of what constitutes negligence to which they could anchor, and were left free to exercise their own theories and imaginations upon what might be the true test of negligence." In other words, appellant, under its own claim, is in the same position it would have been had no definition of negligence been attempted, and it has been held that it is not error to fail to define negligence. Railway v. France, 2 Willson, Civ. Cas. Ct. App. § 703. The charge could not have injured appellant, because the court made the liability of appellant depend on the want of ordinary care, which was defined, and that instruction, when taken with the charge that is assailed, placed the matter properly before the jury. What has been said applies to the definition given of contributory negligence. It may be said further that the issue of contributory negligence was clearly presented to the jury.

It was not error to charge that negligence could be proved by circumstantial evidence. The case as to negligence was based largely on circumstances, and it was not improper to inform the jury that negligence could be proved by such evidence. It is not denied that appellant was guilty of negligence, and the objection to the charge is therefore a mere abstraction.

---

*For other·cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

The testimony of the three witnesses as to the market value of the mare was properly admitted, and their testimony showed that the animal had a market value in Refugio county. Each of them swore positively that the mare did have a market value in that county. While a single sale may not make a market, it does not require any great number to give market value to property in a certain locality.

The judgment is affirmed.